UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------- x
GEURIS FERNANDEZ,

              Plaintiff,

    -against-

AIRPORT GROUND SERVICES AND
LEASING LLC,

             Defendant.

----------------------------------------------------- x

MEMORANDUM & ORDER

15-CV-7330 (ENV) (LB)

VITALIANO, D.J.

    Geuris Fernandez commenced this action in 2015 against his former employer, Airport Ground Services and Leasing LLC ("AGS"), alleging violations of the Fair Labor Standards Act ("FLSA") and violations of New York Labor Law ("NYLL"), along with charges of national origin and race discrimination under the New York State Human Rights Law ("NYSHRL") and federal law, 42 U.S.C. § 1981. *See* Dkt. No. 1. Presently before the Court is a motion seeking approval of the settlement agreement jointly submitted by the parties, Dkt. No. 34-1, resolving all of the plaintiff's claims arising out of his former employment with AGS for $10,000. *See also* Dkt. No. 34 ("Mot. for Approval"). It is the Court's understanding that there are no other claims pending and that all claims brought in plaintiff's December 24, 2015 complaint have been disposed of. For the reasons set forth below, the motion requesting approval of the settlement agreement is granted.

## Discussion

    In most circumstances, under Rule 41(a)(1)(A)(ii), litigants do not need a court order to dismiss, with the consent of all parties, a plaintiff's claims against a defendant. *See* Fed. R. Civ.

1

P. 41(a)(1)(A)(ii). The Second Circuit has held, however, that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016). Although *Cheeks* clearly fabricated a new court approval requirement, it left the contours and protocols of the approval process to common law development. *See id.* at 206-07. District courts, responding to the assignment, have typically imported the multifactor standard utilized in *Wolinsky v. Scholastic Inc*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to evaluate whether an FLSA wage and hour settlement was "fair and reasonable." *See, e.g., Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *2 (S.D.N.Y. June 20, 2016); *Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (citing *Velasquez v. SAFI-G, Inc.*, No. Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015)). With this guidance, "[i]n determining whether [a] proposed settlement is fair and reasonable, a court . . . consider[s] the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The proposed Fernandez settlement agreement passes muster under the *Wolinksy* standard. Tellingly, the settlement agreement is the product of almost one-and-a-half years of

active litigation. Discovery resulted in the production by AGS of the relevant timekeeping records and the depositions of AGS's manager, David Choi, and of Fernandez. *See* Dkt. No. 30 at 2. With credit to the vigorous prosecution and defense of the claims, both sides signaled their readiness to pursue motions for summary judgment when, in January 2017, they agreed to submit the case and its full record to mediation. *See* Dkt. Nos. 30, 33; *see also* 11/22/2016 Dkt. Entries. Plaintiff has since reported that "the parties were assisted in reaching this agreement by an experienced mediator assigned through the Eastern District Mediation services." Mot. for Approval at 1. In short, the record indicates persuasively that this settlement agreement was demonstrably the product of arm's-length bargaining between experienced counsel on both sides; nothing in the record suggests fraud or collusion or bad faith.

The proposed settlement agreement, obviously, cuts litigation expenses by avoiding the substantial expenditures that further litigation would demand. Lastly, but significantly, there is no over-reaching in the release terms of the settlement agreement. The release is tethered to liability for charges or claims "arising from the [FLSA, NYLL, and related regulations]", Dkt. No. 34-1 § 2(c), and the language provides no release from any potential claims by Fernandez "that have no relationship whatsoever to [claims arising out of the] wage-and-hour [dispute][,]" *Cheeks*, 796 F.3d at 206 (citation omitted). On balance, the settlement agreement provides a fair and reasonable resolution of Fernandez's employment grievances arising out of his past employment with AGS.

## Conclusion

For the foregoing reasons, the settlement agreement is approved. The papers submitted by the parties reflect their Rule 41(a) stipulated dismissal of this action so that no additional filing will be required.

This action is discontinued without cost and with prejudice, except as to the right to reopen the action if the settlement is not consummated.

The Clerk is directed to close this case.

So Ordered.

Dated: Brooklyn, New York
May 29, 2017

/S/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge